## HEAD v. PORTER et al.   (No. 2527.)

(Court of Civil Appeals of Texas. Texarkana. March 16, 1922.)

**Trusts ⊂⇒210—Trustee is personally liable on contracts for benefit of trust estate.**

The trustee is personally liable to parties with whom he contracts for the benefit of a trust estate.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Suit by F. B. Porter and another against the Nitrate Products Company and J. W. Head and others, trustees. From a judgment against the named defendants, defendant Head appeals. Affirmed.

James Connor, of Fort Worth, for appellant.

R. S. Garrett; Goree, Odell & Allen, and Ernest May, all of Fort Worth, for appellees.

HODGES, J. This suit was filed by F. B. Porter and R. H. Nash against the Nitrate Products Company, denominated a common-law trust estate, and its alleged trustees Durward McDonald, W. S. Essex, W. G. Cooke, H. H. Rowland, and the appellant, J. W. Head. The purpose of the suit was to recover the reasonable value of certain professional services rendered by the plaintiffs to the Nitrate Products Company, at the instance of the trustees. The items sued for were divided into three groups: The first is services rendered on June 30, 1919, valued at $150; the second, similar services rendered about the same time, valued at $206.12; the third, service rendered on or about July 31, 1919, valued at $285.50. Some time after the suit was filed and before final trial the following agreement was entered into before the court:

"That said company was a common-law trust estate, operating under a certain declaration of trust; that plaintiffs' account against said company is correct, and judgment should be entered thereon in favor of the plaintiffs and against said defendant for the sum of $641.62, with interest thereon at the rate of 6 per cent. per annum from August 1, 1919; that the question of personal liability of all other defendants should not at that time be passed upon, but should be taken up by the court at some future day of the term."

Thereafter the appellant, J. W. Head, filed an answer containing a general demurrer and general denial, and special pleas not necessary to notice. On a final hearing in December, 1920, judgment was rendered in favor of the plaintiffs against the Nitrate Products Company and J. W. Head for $695. J. W. Head alone appeals.

The trial court filed findings of fact and

---

conclusions of law, which are, in substance, as follows: That the Nitrate Products Company was a common-law trust estate, and that J. W. Head was, at the time of the transactions, sued upon as an active trustee for that estate; that the services mentioned were rendered at his instance on the dates alleged, and were worth the charges made therefor. Judgment was entered in accordance with those findings.

The sufficiency of the evidence is attacked in different forms by several assignments of error. We have examined the record, and conclude that the evidence justified the findings of fact made by the trial court. The personal liability of J. W. Head for the debt of the Nitrate Products Company is based upon the principle of law which makes the trustee personally liable to parties with whom he contracts for the benefit of the trust estate, and is supported by the doctrine announced in Connally v. Lyons, 82 Tex. 664, 18 S. W. 799, 27 Am. St. Rep. 935.

The judgment is affirmed.